OPINION OF THE COURT — by the
Hon. Chief Justice TURNER*
The plaintiff having declared in debt for the penalty of a bond with ' a condition, it was competent fer the defendants to crave oyer of the bond and condition,and to plead performance, which would have drawn forth the assignment of breaches of the condition in the plaintiff’s replication. Or the plaintiff might, in the first instance, have set forth the condition, and assigned breaches in his declaration, and thereby have facilitated an issue on the merits.
The plaintiff has his election to adopt either mode of proceeding; but, in neither course, can the defendant sustain the plea of nil debit.
The bond, in the present case, is thefoundation, and the breach of the condition the inducement to the action. In such cases, the authorities are clear and distinct that the plea of nil dehot is not a legal plea; I Chitty’s *505 Reading 476,477; 2 Lord Raymond, 1500, Warren vt. Consett; 1 Saunders, 38, 51, note 3; 3 do:; 187, note 2.
The case in Lord Raymond is a stronger caso than the present. That was debt for the penalty in which the parties bound themselves to keep certain covenants contained in an indenture. The plea of nil debet was pleaded, demurred to, and the demurrer sustained.
The judgment must bo reversed; and the court, proceeding to render such judgment as the court below should have rendered, it is ordered and adjudged that the demurrer to the plea of the defendant below be sustained, and a respondeat ouster awarded; and the cause remanded for further proceedings in the court below.
See revised code, page 117, sec. 55, as to the mode of assigning brea • ches, on bonds, or for penal sums for the non performance of covenants, and agreements.
Judgments for costs against the appellee.